UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JUSTIN CURRY                                                                                                   PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 5:22-CV-P7-TBR

LT. KATHY HERRIN *et al.*                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Justin Curry initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims, allow others to proceed, and allow Plaintiff to file an amended complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted prisoner incarcerated at Kentucky State Penitentiary (KSP). He identifies the following as KSP officials and names them as Defendants: Lt. Kathy Herrin, P.O. M. Johnson, C.O. Hyahwahnah Outland, Nurse Jill Sherll, Sgt. Justin Horn, Lt. Overby, C.O. Smith, Lt. Harper, and C.O. Alex Mathis. He sues Defendants in both their official and individual capacities.

Plaintiff alleges that Defendants violated his constitutional rights during an incident that occurred on June 6, 2021, involving the restraint and strip search of Plaintiff. Plaintiff claims that every Defendant violated his Fourth Amendment right to privacy and his rights under the Prison Rape Elimination Act (PREA), codified at 34 U.S.C. § 30301 *et. seq.*, by their participation in, and/or viewing/recording, of his strip search. Plaintiff claims that Defendants Horn, Overby, and Smith also violated his rights under the Eighth Amendment by using excessive force against him. Finally, Plaintiff asserts a state-law claim of sexual assault against Defendant Sherll.

As relief for the alleged violations of his rights, Plaintiff seeks damages.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  Official-Capacity Claims

The Court will first address Plaintiff's official-capacity claims.  "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Plaintiff indicates that Defendants are employees of the Commonwealth of Kentucky, his official-capacity claims against them are actually against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B.  Individual-Capacity Claims

Upon consideration of the allegations set forth in the complaint, <u>the Court will allow individual-capacity Fourth Amendment unreasonable search and seizure/invasion-of-privacy claims to proceed against all Defendants, individual-capacity Eighth Amendment excessive-force claims to proceed against Defendants Horn, Overby, and Smith; and a state-law sexual assault claim to proceed against Defendant Sherll</u>.  In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

The Court, however, will dismiss Plaintiff's PREA claims for failure to state a claim upon which relief may be granted.  As this Court has explained:

> Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.  *Good v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-cv-00857, 2011 U.S. Dist. LEXIS 127558, at *5 (S.D. Ohio Nov. 3, 2011). *See also Pope v. Oregon Dep't of Corr.*, No. 3:10-cv-00632-KI, 2012 U.S. Dist. LEXIS 71218, * 4 (D. Ore. May 22, 2012) ("[I]t is well established that there is no private right of action under PREA.") (citing *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021, at *1 (E.D. Cal. Apr. 25, 2012) (citing numerous cases)); *LeMasters v. Fabian*, Civil No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *2 (D. Minn. May 18, 2009) (PREA "does not create a right of action that is privately enforceable by an individual civil litigant.").  "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . .  The statute does not grant prisoners any specific rights."  *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 61460, at *3 (D. Vt. Aug. 12, 2008).

*Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 U.S. Dist. LEXIS 114727, at *5-6 (W.D. Ky. Aug. 19, 2014); *see also Speech v. Unknown Shank*, No. 1:22-cv-404, 2022 U.S. Dist. LEXIS 98788, at *16 n. 1 (W.D. Mich. June 2, 2022) (collecting cases).

4

### C. Amended Complaint

Finally, the Court observes that Plaintiff filed a letter several months after he initiated this action (DN 11). In the letter, Plaintiff makes additional allegations and claims regarding the incident that occurred on June 6, 2021. He also indicates that he would like to add Defendants to this action. The Court will permit Plaintiff to file an amended complaint under Fed. R. Civ. P. 15(a) setting forth any allegations, claims, or Defendants that Plaintiff would like to add to this action regarding the June 6, 2021, incident.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2) for failure to state a claim upon which relief may be granted and for seeking relief from a Defendant who is immune from such relief and that his PREA claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 30 days of entry of this Order which contains any allegations, claims, or Defendants Plaintiff seeks to add to this action regarding the incident that occurred on June 6, 2021**. The Court will conduct an initial review of the amended complaint under § 1915A. Plaintiff shall complete a summons form for each newly named Defendant.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the words "Amended Complaint" in the caption as well as three blank summons forms.

The Court will enter a separate Service and Scheduling Order to govern the claims it has permitted to proceed.

Date: July 11, 2022

                                              **Thomas B. Russell, Senior Judge**
                                              **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011