UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JUSTIN CURRY**                                                                                                  **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:22-CV-P7-JHM**

**LT. KATHY HERRIN** *et al.*                                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action. This matter is before the Court upon a motion for summary judgment by Defendants Kathy Herrin, Hyahwahnah Outland, Justin Horne, Gova Harper, Alex Mathis, Angela Johnson, Clay Overbey, and Zakary Smith (collectively "Defendants") (DN 43). Plaintiff Justin Curry filed a response (DN 50), and Defendants replied (DN 51). Upon review of Defendants' motion, the Court provided Defendants the opportunity to file a properly supported motion for summary judgment. Defendants then filed a supplemental motion for summary judgment (DN 55); Plaintiff filed a supplemental response (DN 60); and Defendants filed a supplemental reply (DN 61). After the Court ordered Defendants file an authenticated copy of the Kentucky Department of Corrections Grievance Policy and Procedure (CPP. 14.6) in the record, Defendants complied (DN 63). Plaintiff then filed another response (DN 64). This matter is ripe. For the reasons below, the Court will grant Defendants' motion and supplemental motion for summary judgment.

Defendants have also moved to file under seal three exhibits filed in support of their supplemental motion for summary judgment (DN 56). Because Defendants state that these exhibits are Kentucky Corrections Policies and Procedures which are designated as "secured policies" under Kentucky state law and that public availability of the exhibits would create a

security risk by revealing methods by which the Kentucky Department of Corrections responds to emergency situations, the Court will grant this motion.

I.

Plaintiff initiated the instant action when he was incarcerated as a convicted prisoner at Kentucky State Penitentiary. Plaintiff alleged that Defendants violated his constitutional rights during an incident that occurred on June 6, 2021, involving the restraint and strip search of Plaintiff. Plaintiff claimed that every Defendant violated his right to privacy by their participation in, and/or viewing/recording of, his strip search. Plaintiff claims that Defendants Horn, Overby, and Smith violated his rights under the Eighth Amendment by using excessive force against him during the same incident. Finally, Plaintiff also asserted a state-law claim of sexual assault against Defendant Sheril but the record reflects that she has not been served. Upon initial review of this action pursuant to 28 U.S.C. § 1915A, the Court allowed these claims to proceed.[1]

II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

---

[1] Plaintiff also claimed that Defendants violated his rights under the Prison Rape Elimination Act (PREA), codified at 34 U.S.C. § 30301 *et. seq*. On review, the Court dismissed Plaintiff's PREA claims for failure to state a claim upon which relief may be granted.

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).

### III.

In their motion for summary judgment, Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA).[2]

---

[2] Defendants also argue that they are entitled to summary judgment on the merits of Plaintiff's claims and because they are entitled to qualified immunity. However, the Court need not address these arguments because it finds herein that Defendants are entitled to summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id.* at 216.

Proper exhaustion of administrative remedies requires inmates to comply with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Thus, if an inmate fails to comply with a clear deadline and files an untimely grievance, then his later claim under 42 U.S.C. § 1983 must be dismissed. *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011) (holding that inmate's administrative remedies were unexhausted because of his failure to file a timely grievance within five days of incident as the prison's grievance policy required). The Sixth Circuit has clarified that if a grievance is: (1) rejected for failure to comply with critical grievance procedures; and (2) that rejection is clear as to what the procedural default is, then, in such cases, an inmate has not exhausted administrative remedies. *Vandiver v. Correctional Medical Services, Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009). In such instances, a later civil action based on the same incident as the rejected grievance must be dismissed for failure to properly exhaust. *Id*.

Kentucky Corrections Policies and Procedures (CPP) policy number 14.6 (hereinafter "CPP 14.6") details the inmate grievance procedure in effect at the time Plaintiff filed his grievance. The policy involves a four-step grievance procedure, and the first step is "filing the grievance and informal resolution." CPP 14.6(II)(J)(1). This step requires that "[a] grievance about a personal and specific incident shall be filed within five (5) business days after the incident occurs." CPP 14.6(II)(J)(1)(a)(2). The Grievance Coordinator may reject a grievance that does not comply with the grievance process requirements. CPP 14.6(II)(J)(1)(a)(13).

Here, the undisputed evidence shows, that Plaintiff filed one grievance related to the June 6, 2021, incident itself, DN 43-9, PageID #293 (Grievance); DN 55-7, PageID #355 (Aff. KSP Grievance Coordinator), and that this grievance was rejected by prison officials because it was "filed more than five (5) days after the incident." *Id.* at PageID #292. The grievance itself shows that Plaintiff signed it on June 8, 2021, but that it was not received until June 23, 2021. Plaintiff does not argue in either his response or supplemental responses that his grievance was timely.[3]

Thus, the Court concludes that Defendants have demonstrated Plaintiff's failure to properly exhaust his remedies and are entitled to judgment as a matter of law.

As to Defendant Sheril, if she had been served, she would be entitled to summary judgment on the constitutional claims against her for the reasons set forth above and the Court would decline to exercise supplemental jurisdiction over Plaintiff's state-law claim against her. *See* 28 U.S.C. § 1367(c)(3).

---

[3] In these filings, Plaintiff emphasizes that the video footage of the June 6, 2021, incident shows that Defendants violated his constitutional rights.

## V.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion and supplemental motion for summary judgment (DNs 43 & 55) and Defendants' motion to seal (DN 56) are **GRANTED** and that Defendant Shirel is **DISMISSED** from this action.

Date: February 20, 2024

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
4414.011